MILLARD NIX, ADMINISTRATOR OF THE ESTATE OF LONNIE NIX, DECEASED v. EVERETT DARWIN EARLEY.

(Filed 24 February, 1965.)

1. **Automobiles § 33—**

   A "Y" formed by the intersection at a 45 degree angle of a rural paved road with a State highway some 117 feet outside the city limits of a municipality, the central area of the highway being marked with yellow lines indicating a "no travel" zone, *held* not to constitute the intersection an unmarked crosswalk. G.S. 20-173, G.S. 20-174, G.S. 20-38(1).

2. **Automobiles § 42k—**

   Evidence *held* to show contributory negligence as a matter of law on the part of a pedestrian walking into the path of defendant's approaching automobile at a place not constituting a marked or unmarked crosswalk.

APPEAL by plaintiff from *Pless, J.,* October 1964 Civil Session of Mc-DOWELL.

Administrator's action to recover damages for the alleged wrongful death of his intestate. The pleadings raise issues of negligence and contributory negligence.

Evidence was offered by plaintiff and by defendant.

The basic factual situation may be summarized as follows:

On Friday, April 3, 1964, about 5:40 p.m., Lonnie Nix, 52, a pedestrian, while attempting to cross from the south to the north side of U. S. Highway #70, was struck by a westbound Ford car owned and operated by defendant, thereby sustaining injuries resulting in his death later that day.

Highway #70 runs generally east and west. The paved portion thereof, at the place where Lonnie Nix attempted to cross, is 37.2 feet wide. It is outside (117.5 feet west of) the corporate limits of Marion, N. C.

A motorist, traveling west on Highway #70 within the corporate limits, reaches the intersection of said highway and Logan Street where traffic is controlled by an electric signal device. Continuing west, a street or road referred to as Fern Avenue extends north (right) from Highway #70. Continuing west, beyond the corporate limits, there extend north (right) from Highway #70 two entrances to a grocery store known as Food Town. The eastern and western entrances are separated by a grass-covered area or island. Extending south from Highway #70, there is a paved road referred to as Hammertown Road or Rural Paved Road #1208.

It was stipulated that Hammertown Road or Rural Paved Road #1208 comes into or intersects Highway #70 on its south side; that it does not cross to the opposite side of the highway; that it intersects with Highway #70 at an angle of approximately 45 degrees; and that said intersection is immediately east of and directly across from the front of the property occupied by Food Town.

West of its intersection with Hammertown Road or Rural Paved Road #1208, the central area of Highway #70 is marked with yellow lines as a "no travel" zone.

Two brothers, Lonnie Nix, the deceased, and Alvin Nix, attempted to cross from the south to the north side of Highway #70. Alvin, in front of Lonnie, escaped injury. Lonnie's attempt was unsuccessful.

Defendant had proceeded west from said Logan Street intersection. Plaintiff's witness (Richey), who was standing on the grass-covered island between the entrances to Food Town, saw defendant's car "back up as far as the traffic signal lights" and "as it came on down the road toward Lonnie." Richey had been to Food Town, was going to cross from the north to the south side of Highway #70 and "was waiting on traffic to pass so (he) could get across." The investigating State Highway Patrolman testified there was "no indicated pedestrian crosswalk there anywhere near the area where this accident occurred."

At the conclusion of all the evidence, the court, allowing defendant's motion therefor, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*Wm. D. Lonon for plaintiff appellant.*
*E. P. Dameron for defendant appellee.*

PER CURIAM. After careful and full consideration of the evidence, we are of opinion, and so decide, that there is no evidence sufficient to support plaintiff's allegation that Lonnie Nix was crossing Highway #70 within an unmarked crosswalk at an intersection. G.S. 20-173; G.S. 20-174; G.S. 20-38(1).

If it be conceded that the evidence was sufficient to require submission of an issue as to defendant's actionable negligence, it is manifest that the negligence of Lonnie Nix was at least one of the proximate causes of his fatal injuries. The only reasonable conclusion to be drawn from the evidence is that Lonnie Nix, notwithstanding he could and should have observed the approach of defendant's car, walked or ran directly into the path thereof. The applicable legal principles are stated in *Blake v. Mallard,* 262 N.C. 62, 136 S.E. 2d 214, and cases cited.

On the grounds stated, the judgment of involuntary nonsuit is affirmed.

Affirmed.